IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31184
_____


VERNON VANN BOUDREAUX, ET AL,

Plaintiffs-Appellants,

versus

JEFFERSON ISLAND STORAGE & HUB, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
_____

July 11, 2001

Before GARWOOD, JOLLY, and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Jefferson Island Storage conducted mining operations to
facilitate the storage of natural gas on its property, which
included the disposal of saltwater by-product via injection deep
into the earth. The Boudreaux plaintiffs sued Jefferson Island for
trespass and unjust enrichment, arguing that although Jefferson
Island injected saltwater into the earth through wells on its own
property, the saltwater eventually migrated beneath the plaintiffs'
land. The district court granted summary judgment for Jefferson

1

Island on all claims, holding that the Boudreaux plaintiffs' trespass claim had prescribed and further finding no law or evidence that would establish a trespass or unjust enrichment in this case. We AFFIRM.

I

Jefferson Island operates an underground natural gas storage facility in Southwest Louisiana. Following a public hearing and comment period, Jefferson Island was granted the requisite permits by the Louisiana Department of Natural Resources to create two underground storage caverns by injecting fresh water into a layer of salt over 5,000 feet beneath the surface, hollowing out several salt caverns. These operations produced saltwater as a by-product and, pursuant to all requisite state and federal permits, Jefferson Island disposed of that saltwater by-product by injecting it into the underground "saltwater sea" lying over a mile beneath southwest Louisiana.[1]

In August 1999, the Boudreaux plaintiffs filed this suit, alleging that the injected saltwater "migrated and came to rest" under their property, constituting a trespass. The Boudreaux plaintiffs first argued that the saltwater had "filled up" empty storage space beneath their property. They later abandoned this

---

[1]The record reveals that these subsurface saltwater formations--consisting of high porosity, high permeability sands--contained no freshwater formations or oil or gas hydrocarbon zones that could have been damaged or polluted by the saltwater injections.

2

argument and now contend that the migration of the fluid under the surface of their land constitutes a trespass, which damages them by precluding their injection of saltwater into the ground without trespassing on the property of their neighbors.

The district court granted Jefferson Island's motions for summary judgment on all issues--trespass, unjust enrichment, and prescription. The Boudreaux plaintiffs appealed.

### III

We first address the trespass claim. We find that the Boudreaux plaintiffs' trespass claim has prescribed and, in the alternative, that claim is without merit under Louisiana law.

### A

Claims for trespass damages under Louisiana Civ. Code Art. 2315 are prescribed in one year under Louisiana Civ. Code Art. 3492. Article 3493 states:

> When damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.

In the case of a continuing trespass, the prescription period does not begin to run until the conduct ceases. South Central Bell Telephone Co. v. Texaco, Inc., 418 So.2d 531 (La. 1982).

Jefferson Island began injecting saltwater into its wells in January 1995 and ceased (for purposes of this suit) in April 1996. It is uncontested that the Boudreaux plaintiffs learned about the basis of their trespass claim in 1996, when they decided not to

3

join a similar lawsuit.  The current lawsuit was filed in August 1999.  Given this three year period between the acquiring of knowledge of the claim and the filing of the lawsuit, the claim has prescribed under Louisiana law.

The Boudreaux plaintiffs argue, however, that the district court erred in finding that their trespass claim had prescribed because, according to their conjecture, the saltwater injected by Jefferson Island likely remained beneath their land long after it was first injected, thereby stalling the commencement of the prescription period.

We cannot agree with the plaintiffs that the circumstances of this case, even as described by them, reasonably create a continuing tort under Louisiana law.  For example, in Crump v. Sabine River Authority, 737 So.2d 720 (La. 1999), the Louisiana Supreme Court held that the continued existence of a canal diverting water from a plaintiff's property did not constitute continuing tortious conduct sufficient to overcome the rule of prescription.  The Crump court found that the actual cause of the injury was the digging of the canal, and the plaintiff's cause of action arose from that conduct.  Importantly, the court emphasized that "[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act."  Id. at 728.

In Louisiana, "[w]hen the damaging conduct continues,

4

prescription runs from the date of the last harmful <u>act</u>." <u>South Central Bell</u>, 418 So.2d at 532 (emphasis added). Assuming that injected saltwater may have settled and remained under the Boudreaux plaintiffs' property, such a circumstance is simply not sufficient to constitute a continuing trespass. Therefore, we cannot say that the district court erred in granting summary judgment on the trespass claim based on prescription.

B

Alternatively, we hold that these facts do not constitute a trespass under Louisiana law. In Louisiana, a trespass is "an unlawful physical invasion" upon the property of another. <u>Gliptis v. Fifteen Oil Co.</u>, 16 So.2d 471 (La. 1943).[2] Assuming saltwater actually migrated beneath the Boudreaux plaintiffs' property, the question is whether Jefferson Island's saltwater injection was "unlawful" under Louisiana law. Jefferson Island contends that its actions were in accordance with state and federal law, and therefore not unlawful.

We first note that this issue has been directly addressed in the context of virtually identical facts by a federal district court in Louisiana. In <u>Raymond v. Union Texas Petroleum Corp.</u>, 697 F.Supp. 270 (E.D. La. 1988), the plaintiffs claimed that the defendants had injected saltwater into a disposal well, and that

---

[2]Ownership of a tract of land in Louisiana includes ownership of all that lies above and below the surface of the land. <u>See</u> La. Civ. Code Art. 490.

5

the saltwater had migrated into the subsurface of the plaintiffs' property. Judge Mentz determined that the plaintiffs' trespass claim was not actionable, relying on the Louisiana Supreme Court's decision in Nunez v. Wainoco Oil & Gas Co., 488 So.2d 955 (La. 1986).

In Nunez, the defendant drilled a well on property adjacent to Nunez's property, and the well extended under the plaintiff's property two miles beneath the surface. Both parcels of land were included within a "drilling unit" created by the Louisiana Conservation Commission. The Nunez court held that the plaintiff's trespass claim was not actionable because the process of unitization superseded individual property rights to establish a common interest in the hydrocarbon deposit. Id. at 964.

Judge Mentz applied Nunez's rationale to hold that migrated saltwater, disposed of pursuant to the authority of the State of Louisiana, cannot constitute a legally actionable trespass. Raymond, 697 F.Supp. at 274.[3] Although Nunez's specific holding was that no legally actionable trespass occurs "when a unit has been created by order of the [State]," the court did repeatedly defer to the "important state interest in developing its resources

---

[3]The Boudreaux plaintiffs argue that Raymond is distinguishable from this case in that the saltwater injected by Jefferson Island was not a by-product of "oil or gas exploration activities," whereas the saltwater in Raymond was created as a result of actual drilling activities. We cannot agree with so fine a distinction, as Jefferson Island is an intrastate gas pipeline company and was conducting drilling operations for the storage of natural gas.

6

fully and efficiently" under La. R.S. § 30:1 et. al., Louisiana's natural resources conservation law, which gives the Commissioner of Conservation the "authority over all persons and property necessary to enforce effectively the provisions of this Chapter and all other laws relating to the conservation of oil and gas." La. R.S. § 30:4A. Here, Jefferson Island was granted authorization by the Department of Conservation to drill its saltwater disposal wells pursuant to Title 30. Under these circumstances, the district court properly followed Raymond in finding no trespass claim under the facts of this case.

As a final point, we should observe that, despite the Louisiana Supreme Court's rejection of the particular trespass claims in Nunez, a plaintiff can still recover if he can show that his property was actually damaged. See Nunez, 488 So.2d at 964, n.29 ("However, we acknowledge that should a unit operation create for one landowner within the unit a particular expense, as a result of damage to his premises, or measurable inconvenience, that landowner may be entitled to recover compensation . . ."); Raymond, 697 F.Supp at 274 ("It should be noted that the court in Nunez does not preclude a landowner from recovering compensation for damages to his property or measurable inconvenience."). However, no evidence of any measurable damages or inconvenience exists in this case. If saltwater injected by Jefferson Island did migrate beneath the Boudreaux plaintiffs' property a mile underground, that

7

fluid did nothing more than displace existing saltwater and in no way affected the use or enjoyment of the land.[4]

IV

The Boudreaux plaintiffs alternatively assert a claim of unjust enrichment against Jefferson Island. The nature of this case makes clear that the plaintiffs have no claim for unjust enrichment under Louisiana law. Louisiana Civ. Code Art. 2298, the unjust enrichment statute, states that "the remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule." Under this provision, when a remedy at law is available to redress an injury or the law precludes recovery, Louisiana plaintiffs may not pursue an action for unjust enrichment to defeat the purpose of the rule of law applicable to the dispute. See Edmonton v. A-Second Mortgage Co., 289 So.2d 116, 122 (La. 1974).

The Boudreaux plaintiffs simply cannot assert a claim for unjust enrichment in the face of a claimed trespass, even if recovery for trespass is precluded under Nunez. See Mongrue v. Monsanto Co., 1999 WL 970354 at *5 (E.D. La. 1999) ("[P]laintiffs seek, and the law provides, a plausible trespass remedy. Unjust

---

[4]In an attempt to articulate damages, the plaintiffs assert that they were damaged because they cannot now inject saltwater under their property without trespassing on their neighbor's property. We reject this argument; the legality of any potential saltwater injection by the Boudreaux plaintiffs beneath their property was not affected by Jefferson Island's injection of saltwater.

8

enrichment is not an appropriate cause of action because no gap in the law exists that prevents plaintiffs from pursuing a remedy at law for their alleged injury."), aff'd by Mongrue v. Monsanto Co., 249 F.3d 422 (5th Cir. 2001).  Therefore, the district court properly dismissed the Boudreaux plaintiffs' unjust enrichment claim.[5]

V

The Boudreaux plaintiffs' trespass claim has prescribed under La. Civ. Code. Art. 3493 and, in the alternative, no unlawful trespass occurred and no damages were suffered.  Furthermore, their unjust enrichment claim is prohibited by La. Civ. Code Art. 2298. For the foregoing reasons, the judgment of the district court is

A F F I R M E D

---

[5]Even if the Boudreaux plaintiffs could assert a claim for unjust enrichment, that claim would fail.  Article 2298 requires that the unjustly enriched party must be enriched "at the expense of another person."  As detailed in this opinion, to the extent Jefferson Island was enriched, no losses were incurred by any other persons.

9